[No. C079831. Third Dist. Oct. 27, 2016.]

THE PEOPLE, Plaintiff and Respondent, v.
JILLIAN RUTH RENDON, Defendant and Appellant.

## COUNSEL

Jyoti Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—In this case, the trial court refused to reduce defendant Jillian Ruth Rendon's felony conviction for forgery in violation of Penal Code[1] section 476 to a misdemeanor under Proposition 47 because the court concluded that while the counterfeit bills she possessed had a face value of only $260, other material she also had in her possession—security strips, Benjamin Franklin faces, and blank precut paper money—could have been used to make "tens of thousands of dollars" of counterfeit bills. We conclude the trial court erred because section 473—the statute that dictates the punishment for forgery—specifies that where the offense relates to a bank bill or note, the offense is punishable as a misdemeanor "where the value of the . . . bank bill[ or] note . . . does not exceed nine hundred fifty dollars ($950)." Material that could be used to make counterfeit bills has no bearing on the application of section 473, and blank precut paper money has no face value. In applying section 473, only counterfeit bills that have a discernible face value are relevant to the valuation process. Here, defendant possessed counterfeit bills with only $260 in discernible value.

In addition, under the California Supreme Court's recent decision in *Harris v. Superior Court* (2016) 1 Cal.5th 984 [209 Cal.Rptr.3d 584, 383 P.3d 648], the People are not entitled on remand to withdraw from the plea agreement that resulted in defendant's forgery conviction just because that conviction may be reduced to a misdemeanor under Proposition 47. Accordingly, unless the trial court makes a discretionary determination that defendant would pose an unreasonable risk of danger to public safety, the court must reduce her forgery conviction to a misdemeanor.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, defendant was charged in this case with one count of forgery in violation of section 476, one count of possessing materials used in counterfeiting in violation of section 480, one count of possessing methamphetamine, and one count of possessing heroin, amongst others. Two weeks later, she entered a negotiated plea that covered this case and another, older case. In this case, she pled no contest to the forgery and possession of methamphetamine charges. In the older case, she pled no contest to two other felonies—another drug possession charge and a larceny charge. The remaining counts in both cases were dismissed in the interest of justice. In exchange for her pleas, defendant was placed on probation for four years and was required to serve a year in jail with no conduct credits (a "*Johnson* year"), with the right to apply for transfer to a drug treatment program after six months.

---

[1] All further section references are to the Penal Code.

"On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act; and under the California Constitution (art. II, § 10, subd. (a)), it became effective the following day. [Citation.] 'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).' " (*People v. Johnson* (2016) 1 Cal.App.5th 953, 957 [205 Cal.Rptr.3d 246].) Under the provisions of Proposition 47 codified in section 1170.18, "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]." (§ 1170.18, subd. (a).)

In February 2015, defendant filed an application to reduce both of her felony convictions in this case to misdemeanors. The People conceded that defendant was entitled to the requested relief with respect to her conviction for possessing methamphetamine but opposed the motion with respect to her forgery conviction.

In April 2015, the court ordered defendant released from jail and ordered her to serve the remaining six months of her term in a residential drug treatment program.

Defendant's application to reduce her convictions under Proposition 47 first came on for hearing in the middle of May 2015. In addition to seeking the reduction of both of her convictions in this case, defendant also sought the reduction of one of her two felony convictions in the other case (the other drug conviction). Ultimately, the court set the matter for an evidentiary hearing on the question of whether defendant's forgery conviction involved less than $950. At that hearing two weeks later, El Dorado County Deputy Sheriff Michael Roberts testified that in October 2014, after arresting defendant during a traffic stop, he found in her backpack two $100 bills and three $20 bills he believed were counterfeit. He could not recall which of those notes were complete, but it was "apparent to [him] she was in the process of making several of them, but only a few were completed." The deputy also testified that he found in the backpack the following items: (1) "probably 200 plus security strips"—that is, "[t]he little strips that go inside $100 bills that state USA 100"; (2) "dozens and dozens of watermarked Benjamin Franklin faces"; and (3) "pre-cut paper money that appeared to [him to be] dollar bills that had obviously been washed that were now blank to be printed on."

Based on that evidence, the trial court declined to reduce defendant's forgery conviction to a misdemeanor, explaining that because defendant had "hundreds and hundreds, actually tens of thousands of dollars that could potentially have been made with the intent to defraud," "[t]he fact that only $260 of it had actually come to fruition [did not] provide the value of what she had in her possession as it related to the crime of [forgery under section] 476."

Defendant timely appealed.

## DISCUSSION

On appeal, defendant contends the trial court erred in refusing to reduce her forgery conviction to a misdemeanor because the court "erroneously considered the value of incomplete and inchoate notes." We agree.

As relevant here, section 476 provides that "[e]very person who . . . , with intent to defraud any other person, . . . has in his or her possession, with like intent to utter, pass, or publish, any fictitious or altered bill[ or] note, . . . purporting to be the bill[ or] note . . . of any real or fictitious financial institution as defined in Section 186.9 is guilty of forgery." Under subdivision (a) of section 473, forgery is generally "punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170." Under subdivision (b) of section 473, however, with exceptions not applicable here, "any person who is guilty of forgery relating to a . . . bank bill[ or] note . . . , where the value of the . . . bank bill[ or] note . . . does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year . . . ." Thus, the question here is whether the value of the fictitious or altered bank bills or notes defendant possessed did not exceed $950.

Here, the only fictitious or altered bills or notes defendant possessed that had any discernible value were the two $100 bills and the three $20 bills. Nevertheless, the People contend defendant failed to show that the value of all the fictitious or altered bills or notes she had did not exceed $950 because the material she possessed—security strips, watermarked Benjamin Franklin faces, and blank, washed bills—could have been used to make more than $950 in counterfeit bills.

■ The People's argument lacks merit. Subdivision (b) of section 473 does not speak to the value of material that could be used to make fictitious or altered bills or notes; it speaks to the value of the fictitious or altered bills or notes themselves—"the value of the . . . bank bill[ or] note." ■ Here, the only fictitious or altered bills or notes defendant possessed that had any

discernible value were the two $100 bills and the three $20 bills. The security strips and Benjamin Franklin faces were not in and of themselves bills or notes, so whatever value they may have had was irrelevant to the application of section 473, subdivision (b). And while the blank, washed bills certainly qualified as altered bills or notes, the washed bills had no discernible value because they had been washed so thoroughly that they were blank. Thus, defendant is correct that the evidence here showed that the value of the altered or fictitious bills or notes she possessed did not exceed $950.

■ The only question that remains is whether, as the People contend, the case should be remanded to the trial court to give the prosecutor the option of withdrawing from the plea agreement because the reduction of defendant's forgery conviction to a misdemeanor "would eviscerate the benefit to the People of the original plea agreement." That question was answered recently by the Supreme Court in *Harris*. There, "based on the unambiguous language of section 1170.18 and the expressed intent of Proposition 47," the court concluded "that the People are not entitled to set aside [a] plea agreement when [a] defendant seeks to have his [or her] sentence recalled under Proposition 47." (*Harris v. Superior Court, supra*, 1 Cal.5th at pp. 992, 993.) Accordingly, unless the trial court makes a discretionary determination that defendant would pose an unreasonable risk of danger to public safety, the court must reduce her forgery conviction to a misdemeanor in accordance with the terms of section 1170.18. (§ 1170.18, subds. (b), (f).)

## DISPOSITION

The trial court's order denying defendant's application to reduce her forgery conviction to a misdemeanor under Proposition 47 is reversed, and the matter is remanded to the trial court for further proceedings on that application.

Raye, P. J., and Blease, J., concurred.

On November 18, 2016, the opinion was modified to read as reprinted above.